**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF INDIANA**
**INDIANAPOLIS DIVISION**

| | | |
|---|---|---|
| Jason Kinnick, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No.   1:19-cv-2563 |
| | ) | |
| Med-1 Solutions, LLC, an Indiana | ) | |
| limited liability company, | ) | |
| | ) | |
| Defendant. | ) | <u>Jury Demanded</u> |

**COMPLAINT**

Plaintiff, Jason Kinnick, brings this action under the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, <u>et seq.</u> ("FDCPA"), for a finding that Defendant's debt collection actions violated the FDCPA, and to recover damages for Defendant's violations of the FDCPA, and alleges:

**JURISDICTION AND VENUE**

1.      This Court has jurisdiction, pursuant to § 1692k(d) of the FDCPA and 28 U.S.C. § 1331.

2.      Venue is proper in this District because: a) the acts and transactions occurred here; b) Plaintiff resides here; and, c) Defendant resides and transacts business here.

**PARTIES**

3.      Plaintiff, Jason Kinnick, ("Kinnick"), is a citizen of the State of Indiana, residing in the Southern District of Indiana, from whom Defendant attempted to collect a defaulted consumer debt that he allegedly owed for medical services.

4.      Defendant, Med-1 Solutions, LLC ("Med-1"), is an Indiana corporation that acts as a debt collector, as defined by § 1692a of the FDCPA, because it regularly uses the mails and/or the telephone to collect, or attempt to collect, defaulted consumer debts, including defaulted consumer debts in the Southern District of Indiana.  In fact, Med-1 was acting as a debt collector as to the defaulted consumer debt it attempted to collect from Plaintiff.

5.      Defendant Med-1 is authorized to conduct business in Indiana, and maintains a registered agent here, <u>see</u>, record from the Indiana Secretary of State, attached as Exhibit <u>A</u>.  In fact, Defendant Med-1 conducts business in Indiana.

6.      Defendant Med-1 is licensed as a debt collection agency in the State of Indiana, <u>see</u>, record from NMLS Consumer Access, attached as Exhibit <u>B</u>.  In fact, Defendant acts as a collection agency in Indiana.

## FACTUAL ALLEGATIONS

7.      On March 12, 2019, Mr. Kinnick and his wife filed a Chapter 7 bankruptcy petition in a matter styled <u>In re: Kinnick</u>, S.D. Ind.Bankr. No. 19-01447-JJG-7.  Among the debts listed on Mr. Kinnick's Schedule E/F that were included in his bankruptcy were various debts he allegedly owed for medical services.  Moreover, Defendant Med-1 was also listed on his bankruptcy Schedule E/F, <u>see</u>, Schedule E/F, attached as Exhibit <u>C</u>.

8.      Accordingly, on March 14, 2019, Defendant Med-1 was sent, via electronic transmission, notice of the bankruptcy by the court, while the creditor at issue was sent notice on March 16, 2019, via U.S. Mail, <u>see</u>, the Certificate of Service to the Notice of Chapter 7 Bankruptcy Case – No Proof of Claim Deadline, which is attached as Exhibit <u>D</u>.

9.     Moreover, Plaintiff's bankruptcy is a matter of public record, is on his credit reports, is in the files on the creditor and is readily discoverable by any competent debt collector via one of the bankruptcy "scrub" services.

10.     Nonetheless, Defendant Med-1 sent Mr. Kinnick a collection letter, dated April 25, 2019, demanding payment of a medical debt that was included in the bankruptcy.  A copy of this collection letter is attached as Exhibit E.

11.     Defendant's violations of the FDCPA were material because, Defendant's continued collection communications after he had filed for bankruptcy made Plaintiff believe that his exercise of his rights through filing bankruptcy may have been futile and that he did not have the right to a fresh start that Congress had granted him under the Bankruptcy Code, as well as his rights under the FDCPA.

12.     All of Defendant Med-1's collection actions at issue in this matter occurred within one year of the date of this Complaint.

13.     Defendant's collection communications are to be interpreted under the "unsophisticated consumer" standard, see, Gammon v. GC Services, Ltd. Partnership, 27 F.3d 1254, 1257 (7th Cir. 1994).

**COUNT I**
**Violation Of § 1692e Of The FDCPA --**
**Demanding Payment Of A Debt That Is Not Owed**

14.     Plaintiff adopts and realleges ¶¶ 1-13.

15.     Section 1692e of the FDCPA prohibits a debt collector from using any false and/or any deceptive or misleading representation or means in connection with the collection of a debt, including, but not limited to, the false representation of the character, amount or legal status of any debt, see 15 U.S.C. § 1692e(2)(A).

16.    Demanding payment of a debt that is included in a bankruptcy, is false and/or deceptive or misleading, in violation of § 1692e of the FDCPA, <u>see</u>, <u>Randolph v. IMBS, Inc.</u>, 368 F3d 726, 728-730 (7th Cir. 2004).

17.    Defendant Med-1's violation of § 1692e of the FDCPA renders it liable for actual and statutory damages, costs, and reasonable attorneys' fees, <u>see</u>, 15 U.S.C. § 1692k.

**COUNT II**
**Violation Of § 1692c(c) Of The FDCPA --**
**Failure To Cease Communications And Cease Collections**

18.    Plaintiff adopts and realleges ¶¶ 1-13.

19.    Section 1692c(c) of the FDCPA prohibits a debt collector from communicating with a consumer after a direction to cease communications, and from continuing to demand payment of a debt that the consumer has indicated that they refuse to pay.  <u>See</u>, 15 U.S.C. § 1692c(c).

20.    Here, the bankruptcy and the notice issued by that court (Exhibit <u>D</u>) provided notice to cease communications and cease collections.  By communicating regarding this debt and demanding payment (Exhibit <u>E</u>), Defendant violated § 1692c(c) of the FDCPA.

21.    Defendant Med-1's violation of § 1692c(c) of the FDCPA renders it liable for actual and statutory damages, costs, and reasonable attorneys' fees.  <u>See</u>, 15 U.S.C. § 1692k.

**PRAYER FOR RELIEF**

Plaintiff, Jason Kinnick, prays that this Court:

1.    Find that Defendant Med-1's debt collection actions violated the FDCPA;

4

2.      Enter judgment in favor of Plaintiff Kinnick, and against Defendant, for

actual and statutory damages;

3.      Award Plaintiff his costs and reasonable attorneys' fees; and,

4.      Grant such further relief as deemed just.

## JURY DEMAND

Plaintiff, Jason Kinnick, demands trial by jury.

Jason Kinnick,

By:/s/ David J. Philipps___
One of Plaintiff's Attorneys

Dated:  June 25, 2019

David J. Philipps      (Ill. Bar No. 06196285)
Mary E. Philipps      (Ill. Bar No. 06197113)
Angie K. Robertson (Ill. Bar No. 06302858)
Philipps & Philipps, Ltd.
9760 S. Roberts Road
Suite One
Palos Hills, Illinois 60465
(708) 974-2900
(708) 974-2907 (FAX)
davephilipps@aol.com
mephilipps@aol.com
angie@philippslegal.com

John T. Steinkamp  (Ind. Bar No. 19891-49)
John Steinkamp & Associates
5214 S. East Street
Suite D-1
Indianapolis, Indiana 46227
(317) 780-8300
(317) 217-1320 (FAX)
john@johnsteinkampandassociates.com