UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| JASON KINNICK, | ) |
| Plaintiff, | ) ) ) |
| v. | ) No. 1:19-cv-02563-TAB-SEB ) |
| MED-1 SOLUTIONS, LLC, an Indiana limited liability company, | ) ) ) ) |
| Defendant. | ) ) |

## ORDER ON DEFENDANT'S MOTION TO DISMISS

### I. Introduction

This matter is before the Court on Defendant Med-1 Solutions, LLC's Motion to Dismiss Pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure [Filing No. 13]. Med-1 argues Plaintiff Jason Kinnick's claims must be dismissed for lack of subject matter jurisdiction. Kinnick's underlying claims stem from a letter Med-1 sent to Kinnick attempting to collect a debt that was part of a Chapter 7 bankruptcy filed by Kinnick and his spouse. Med-1 relies on the recent Seventh Circuit decision *Casillas v. Madison Avenue Associates, Inc.*, 926 F.3d 329 (7th Cir. 2019), to support its argument that Kinnick has no standing to proceed with his claims.

Under *Casillas*, Med-1 argues Kinnick lacks standing because his complaint asserts no more than a bare procedural violation of the Fair Debt Collection Practice Act ("FDCPA"), which fails to satisfy the injury-in-fact requirement of Article III. Kinnick counters that *Casillas* is factually inapposite and inapplicable to the facts at hand. The Court agrees that *Casillas* is distinguishable, as Kinnick's complaint alleges a substantive, not merely procedural, violation of the FDCPA. He alleges that he suffered the type of concrete harm the FDCPA seeks to prevent. Therefore, Med-1's motion to dismiss is denied.

## II. Background

The following facts are drawn from Kinnick's complaint and accepted as true for the purposes of resolving Med-1's motion to dismiss. On March 12, 2019, Kinnick and his wife filed a Chapter 7 bankruptcy petition, which included various depts allegedly owed for medical services. [[Filing No. 1, at ECF p. 2](#).] The bankruptcy court sent Med-1 an electronic notice of the bankruptcy on March 14, 2019. [[Filing No. 1, at ECF p. 2](#).] On April 25, 2019, Med-1 sent Kinnick a collection letter demanding payment of a medical debt that was included in the bankruptcy. [[Filing No. 1, at ECF p. 3](#).]

Neither Kinnick nor Med-1 had any further contact beyond the collection letter until Kinnick filed the underlying lawsuit on June 25, 2019, alleging material FDCPA violations, including false and/or deceptive or misleading representations in connection with the collection of a debt. [[Filing No. 1, at ECF p. 3](#).] Med-1's FDCPA violations were material because Med-1's "continued collection communications after [Kinnick] had filed for bankruptcy made [Kinnick] believe that his exercise of his rights through filing bankruptcy may have been futile and that he did not have the right to a fresh start that Congress had granted him under the Bankruptcy Code, as well as his rights under the FDCPA." [[Filing No. 1, at ECF p. 3](#).]

## III. Discussion

Med-1 contends that Kinnick has not alleged that he suffered—or faced a real risk of suffering—concrete harm from Med-1's actions in this case. Thus, Med-1 argues that Kinnick's complaint must be dismissed for lack of standing pursuant to [Fed. R. Civ. P. 12(b)(1)](#), because it contains no more than "a bare procedural violation divorced from any concrete ha[r]m which fails to satisfy the injury-in-fact requirement of Article III." [Filing No. 13, at ECF p. 1.]

> The elements of standing are well settled: the plaintiff must allege an
> injury in fact that is traceable to the defendant's conduct and redressable by a

favorable judicial decision. These requirements are rooted in Article III, which limits a federal court's authority to the resolution of "Cases" or "Controversies." If the plaintiff does not claim to have suffered an injury that the defendant caused and the court can remedy, there is no case or controversy for the federal court to resolve.

*Casillas*, 926 F.3d at 333 (internal citations omitted). "[W]hen evaluating a facial challenge to subject matter jurisdiction under Rule 12(b)(1), a court should use *Twombly-Iqbal's* 'plausibility' requirement, which is the same standard used to evaluate facial challenges to claims under Rule 12(b)(6)." *Silha v. ACT, Inc.*, 807 F.3d 169, 174 (7th Cir. 2015). Thus, "[t]o survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, 'to state a claim to relief that is plausible on its face.' " *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007)).

Med-1 relies on the Seventh Circuit's recent decision in *Casillas*. In *Casillas*, defendant debt collection company Madison Avenue Associates, "made a mistake." *Id*. at 331. Madison sent plaintiff Casillas a debt collection letter describing the process for verifying a debt, as laid out in the FDCPA, but failed to specify that Casillas had to communicate in writing in order to trigger the statutory protections. *Id*. The Court concluded Casillas lacked standing to pursue her claims because she "alleged nothing more than a bare procedural violation of the [FDCPA]." *Id.* at 339. While the Seventh Circuit noted that the FDCPA "seeks to protect debtors from the use of abusive, deceptive, and unfair debt collection practices by many debt collectors[,]" *id.* at 333 (internal citation and quotation marks omitted), the Court ultimately found Casillas lacked standing because she did not allege that Madison's actions harmed or posed any real risk of harm to her interests under the Act. Put another way, the Seventh Circuit concluded: "[b]ecause Madison's mistake didn't put Casillas in harm's way, it was nothing more than a bare procedural

3

violation. Casillas had no more use for the notice than she would have had for directions accompanying a product that she had no plans to assemble." *Id*. at 334 (internal citation and quotation marks omitted).

The parties disagree on the impact *Casillas* has on the factual scenario at hand. Med-1 argues that Kinnick, like Casillas, did not allege that Med-1's actions harmed or posed any real risk of harm to him under the FDCPA, so it was nothing more than a bare procedural violation. [Filing No. 13, at ECF p. 4.] Kinnick counters that the harm in this case is different, so *Casillas* is inapplicable. Kinnick alleges not that Med-1 failed to inform him about a procedural requirement of the FDCPA, but that Med-1 deceptively and falsely sent him a letter collecting on a debt that was subject to bankruptcy and thus should have been shielded from collection attempts. Kinnick labels Med-1's collection letter as a false and/or deceptive or misleading statement and argues that Med-1's collection attempt harmed him because it destroyed the "fresh start" Congress intended that he should have been able to obtain when it enacted the Bankruptcy Code. [Filing No. 21, at ECF p. 1.]

*Casillas* has been limited by the Seventh Circuit and distinguished in many district court decisions. A few weeks after handing down *Casillas*, the Seventh Circuit distinguished it in *Lavallee v. MED-1 Solutions, LLC*, 932 F.3d 1049 (7th Cir 2019). In *Lavallee*, the Court found the plaintiff had standing to pursue her claims and that the situation differed from *Casillas* in two important ways. *Id*. at 1053. First, the alleged statutory violation was meaningfully different, because the issue in *Lavallee* was not an incomplete notice but a complete lack of notice as to any of the required disclosures. *Id*. Second, Lavallee was already a defendant in another collection lawsuit when the statutory disclosure violation occurred, so she was at a "distinct disadvantage" because "[i]f she had known about her rights, she could have disputed and sought

4

verification of the debts—thereby requiring Med-1 to cease the collection action and obtain verification." *Id.* Thus, the Seventh Circuit reiterated that a bare allegation of a procedural violation typically will not satisfy the injury-in-fact requirement of standing. *Id.* However, in Lavallee's case, the complete deprivation of § 1692g(a) disclosures and the fact that she was sued without the benefit of mandatory disclosures "lend[ed] concreteness to her injury." *Id.*

Other districts have already interpreted and, in many cases, distinguished *Casillas* as well. Some have, like *Casillas*, found a bare procedural violation that led to a finding of no standing, *see, e.g., Perea v. Codilis & Associaties, P.C.,* 2019 WL 4750283, at *3 (N.D. Ill. 2019) ("[W]hile Perea alleged that an unsophisticated consumer would be mislead [sic] by the letter, he fails to allege . . . that *he himself* was confused or misled by what the letter said."); *Elston v. Encore Capital Group, Inc.*, 2019 WL 3037054, at *4 (E.D. Wash. 2019) ("The Seventh Circuit's reasoning [in *Casillas*] is compelling and is particularly relevant in this case. Here, Plaintiff does not claim that she was misled by anything in the letter. She does not allege that she was confused about the status of her debt or that she took any action based on Defendants' alleged failure to warn her of the supposed risk of reviving the statute of limitations. . . . She simply received the letter and filed suit. As such, Plaintiff has not alleged any concrete harm based on her receiving the letter."). Yet many others have distinguished *Casillas* and found the plaintiff has alleged a concrete harm and therefore has standing. *See, e.g.*, *Pierre v. Midland Credit Management, Inc.*, 2019 WL 4059154 (N.D. Ill. 2019); *Untershine v. Encore Receivable Management, Inc.*, 2019 WL 3766564 (E.D. Wis. 2019); *Oloko v. Receivable Recovery Services*, LLC, 2019 WL 3889587 (N.D. Ill. 2019); *Richardson v. Diversified Consultants, Inc.*, 2019 WL 3216030 (N.D. Ill. 2019).

5

Med-1's alleged conduct is more than a bare procedural violation. Kinnick alleges Med-1 sent him the type of false, deceptive claim that Congress sought to prevent with the FDCPA and that he was harmed. *See, e.g, Untershine*, 2019 WL 3766564, at *3 ("Protecting consumers from misinformation is one of the concrete interests that Congress sought to protect under the FDCPA. If a consumer is misinformed, rather than merely uninformed, the risk of harm is greater." (Internal citations, quotation marks, and brackets omitted)); *Richardson*, 2019 WL 3216030, at *4 ("[T]he receipt of a communication misrepresenting the character of the debt . . . is the kind of injury that Congress sought to prevent through the FDCPA."). Moreover, Kinnick's complaint alleges that he personally was misled and negatively impacted by the letter. [Filing No. 1, at ECF p. 3.] *Cf. Perea*, 2019 WL 4750283, at *3 (no standing where plaintiff failed to allege he personally was misled by the communication). Thus, the alleged conduct in this case is factually distinguishable from *Casillas* because this case concerns not an incomplete letter, but an allegedly deceptive letter that which was misleading as a matter of law. The FDCPA violation alleged in the present matter is substantive, not just procedural. Kinnick, therefore, has sufficiently alleged that he suffered an injury-in-fact and concrete harm as necessary to establish standing.[1]

---

[1] Med-1 argues for the first time in its reply brief that if it violated the FDCPA, its actions were clearly excused by the affirmative defense of bona fide error. [Filing No. 22, at ECF p. 5.] An argument may not be raised for the first time in a reply brief. *See, e.g., Griffin v. Bell*, 694 F.3d 817, 822 (7th Cir. 2012) ("[A]rguments raised for the first time in a reply brief are deemed waived."). Thus, while Med-1 may, in proper context, assert such affirmative defenses in the future, this issue is not presently ripe for the Court's review.

## IV. Conclusion

As explained above, Kinnick's complaint adequately alleges a concrete harm that he personally suffered from Med-1's alleged actions. Kinnick, therefore, has standing to bring his claims. Accordingly, Med-1's motion to dismiss is denied.

Date: 10/15/2019

_____
Tim A. Baker
United States Magistrate Judge
Southern District of Indiana

Distribution:

All ECF-registered counsel of record via email