**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION**

| | |
|---|---|
| Jason Kinnick, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | )   No.   1:19-cv-02563-TAB-SEB |
| | ) |
| Med-1 Solutions, LLC, | ) |
| | ) |
| Defendant. | ) |

**AMENDED STATEMENT OF CLAIMS**

Plaintiff, Jason Kinnick, hereby sets forth the Statement of Claims he intends to prove at trial:

1. On March 12, 2019, Mr. Kinnick and his wife filed a Chapter 7 bankruptcy petition in a matter styled <u>In re: Kinnick</u>, S.D.Ind.Bankr. No. 19-01447-JJG-7; among the debts included on Schedule E/F of Mr. Kinnick's bankruptcy petition were various debts he allegedly owed for medical services (Dkt 1-3). Defendant Med-1 Solutions, LLC ("Med-1") was also listed on Mr. Kinnick's bankruptcy Schedule E/F, and on March 14, 2019, Med-1 was sent, via electronic transmission, notice of the bankruptcy by the court; the creditor to whom the medical debt was owed was sent notice on March 16, 2019, via U.S. Mail. (Dkt. 1-3; Dkt 1-4).

2. Mr. Kinnick's bankruptcy is a matter of public record, is on his credit reports, and is readily discoverable by any competent debt collector via one of the bankruptcy "scrub" services. Nonetheless, Med-1 sent Mr. Kinnick a collection letter, dated April 25, 2019, demanding payment of a medical debt that was included in the bankruptcy. (Dkt. 1-5).

3. Med-1's letter, moreover, made it appear as though the April 25, 2019 collection letter had been sent by an attorney, Med-1's Richard Huston. (Dkt. 1-5). Discovery in this matter has shown, however, that Mr. Huston does not conduct meaningfully attorney review of the letters sent out over his signature.

4. Section 1692e of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq. ("FDCPA") prohibits a debt collector from using any false and/or any deceptive or misleading representation or means in connection with the collection of a debt, including, but not limited to, the false representation of the character, amount, or legal status of any debt, see 15 U.S.C. § 1692e(2)(A). Demanding payment of a debt that is no longer owed (Dkt. 1-5), due to a bankruptcy (Dkt. 1-3 and 1-4), is false and/or deceptive or misleading, in violation of § 1692e of the FDCPA, see, Randolph v. IMBS, Inc., 368 F.3d 726, 728-730 (7th Cir. 2004).

5. Section 1692e(3) of the FDCPA prohibits a debt collector from using any false, deceptive, or misleading representation or means in connection with the collection of any debt, including the false representation or implication that any individual is an attorney or any communication is from an attorney, see, 15 U.S.C. § 1692e(3). The Seventh Circuit has long held that an attorney sending dunning letters must be directly and personally involved in the mailing of such letters, see, Avila v. Rubin, 84 F.3d 222, 228-229 (7th Cir. 1995); Boyd v. Wexler, 275 F.3d 642 (7th Cir. 2001); and Nielsen v. Dickerson, 307 F.3d 623, 635 (7th Cir. 2002). Med-1, by sending its letter on attorney letterhead and with the signature of an attorney, despite the fact that there was no meaningful attorney review of the April 25, 2019 collection letter, violated §1692e(3) of the FDCPA.

6. Additionally, § 1692c(c) of the FDCPA prohibits a debt collector from communicating with a consumer after a direction to cease communications, and from continuing to demand payment of a debt that the consumer has indicated that they refuse to pay, see, 15 U.S.C. § 1692c(c). Here, the bankruptcy (Dkt. 1-3 and Dkt. 1-4) provided notice to cease communications and cease collections. By communicating regarding this debt and demanding payment (Dkt. 1-5), Defendant Med-1 violated § 1692c(c) of the FDCPA.

7. Defendant's violations of the FDCPA were material because Defendant's continued collection communications, after Mr. Kinnick had filed for bankruptcy protection confused and alarmed him and caused him to believe that his exercise of his rights, through filing bankruptcy, may have been futile and that he did not have the right to a fresh start that Congress had granted him under the Bankruptcy Code, as well as his rights under the FDCPA.

    Respectfully submitted,

    Jason Kinnick,

    By: s/David J. Philipps
    One of Plaintiff's Attorneys

Dated: December 28, 2020

David J. Philipps   (Ill. Bar No. 06196285)
Mary E. Philipps   (Ill. Bar No. 06197113)
Angie K. Robertson (Ill. Bar No. 06302858)
Philipps & Philipps, Ltd.
9760 S. Roberts Road
Suite One
Palos Hills, Illinois 60465
(708) 974-2900
(708) 974-2907 (FAX)
davephilipps@aol.com
mephilipps@aol.com
angie@philippslegal.com

3

John T. Steinkamp  (Ind. Bar No. 19891-49)
John Steinkamp & Associates
5214 S. East Street
Suite D1
Indianapolis, Indiana 46227
(317) 780-8300
(317) 217-1320 (FAX)
John@johnsteinkampandassociates.com

4

**CERTIFICATE OF SERVICE**

      I hereby certify that on December 28, 2020, a copy of the foregoing Plaintiff's **Amended Statement of Claims** was filed electronically. Notice of this filing will be sent to the following parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

| | |
|---|---|
| Nicholas W. Levi<br>One Indiana Square<br>Suite 300<br>211 North Pennsylvania Street<br>Indianapolis, Indiana 46204 | nlevi@k-glaw.com |
| John T. Steinkamp<br>John Steinkamp & Associates<br>5214 S. East Street<br>Suite D1<br>Indianapolis, Indiana 46227 | John@johnsteinkampandassociates.com |

s/ David J. Philipps_____
David J. Philipps
Philipps & Philipps, Ltd.
9760 S. Roberts Road
Suite One
Palos Hills, Illinois 60465
davephilipps@aol.com