UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| JASON KINNICK | ) |
| | ) |
| Plaintiff | ) CASE NO. 1:19-cv-2563- TAB-SEB |
| | ) |
| vs. | ) |
| | ) |
| MED-1 SOLUTIONS, LLC, an | ) |
| Indiana limited liability company | ) |
| | ) |
| Defendant | ) |

# DEFENDANT'S STATEMENT OF SUPPLEMENTAL AUTHORITY ON PENDING CROSS MOTIONS FOR SUMMARY JUDGMENT

1. Plaintiff Jason Kinnick ("Kinnick") contends *Gadelhak v. AT&T Servs., Inc.*, 950 F.3d 458 (7th Cir. 2020) supports a conclusion that he has standing to bring his claims under 1692e and attempts to analogize *Gadelhak* to the present case because he brought a 1692c(c) claim. [Doc. 67, pp. 25-26]

2. However, in *Pennell v. Global Trust Management, LLC*, 2021 WL 925494 (7th Cir. March 11, 2021), the Seventh Circuit rejected plaintiff's argument that she had standing to bring her 1692c(a)(2) and (c) claims under *Gadelhak*. *Id.* at *3.

3. In holding that plaintiff did not have standing, the court first noted, "The plaintiff 'must establish standing at the time suit is filed and cannot manufacture standing afterwards.'" *Id.* at *2 (citation omitted). It then analyzed plaintiff's complaint and concluded she failed to allege she suffered a concrete injury in the complaint. *Id.*

1

at *3. Lastly, the court rejected plaintiff's argument that she suffered an invasion of privacy sufficient to rise to a concrete injury under *Gadelhak*. It reached this conclusion because "[plaintiff] did not complain that her injuries included any perceived invasion of privacy" in her complaint. *Id.* Rather, plaintiff only complained of stress and confusion in her complaint, which are not concrete injuries. *Id.*

4. Similar to *Pennell*, Kinnick argues in a summary judgment brief that he has standing to bring his FDCPA claims under *Gadelhak* because MED-1's dunning letter invaded his privacy rights. [Doc. 67, pp. 25-26] However, as in *Pennell*, Kinnick did not allege MED-1's dunning letter invaded his privacy rights in his complaint. [Doc. 1] Thus, under *Pennell*, dismissing Kinnick's 1692c(c) and 1692e claims for lack of standing is appropriate.

5. Moreover, in *Pucillo v. National Credit Systems, Inc.*, 2021 WL 1061191 at *1 (S.D. Ind. March 19, 2021), the court rejected plaintiff's argument that he had standing to bring claims under 1692e and 1692c after he was dunned for a debt subject to a discharged bankruptcy.

6. In doing so, it examined plaintiff's complaint, which alleged defendant's actions "made Plaintiff believe that his exercise of his rights through filing bankruptcy may have been futile and that he did not have the right to a fresh start that Congress had granted him under the Bankruptcy Code, as well as his rights under

the FDCPA." *Id.* at *3. Plaintiff made a similar allegation in his amended complaint and submitted an affidavit in support of his motion for summary judgment "to support his contention that he was confused, concerned, fearful, alarmed, and upset" by defendant's actions. *Id.* at *4. Nevertheless, the court rejected plaintiff's argument that he had standing to bring his 1692e and 1692c claims. *Id.*

7. Like *Pucillo*, Kinnick alleged in his complaint that MED-1's actions "made Plaintiff believe that his exercise of his rights through filing bankruptcy may have been futile and that he did not have the right to a fresh start that Congress had granted him under the Bankruptcy Code, as well as his rights under the FDCPA." [Doc. 1, ¶ 11] Further, Kinnick attempted to distinguish recent Seventh Circuit caselaw in part by describing how none of the cases cited MED-1 involved dunning a debtor for a debt subject to bankruptcy. [Doc. 67, pp. 24-26] In addition to the arguments presented in MED-1's briefs, *Pucillo* provides persuasive authority to conclude Kinnick has failed to meet his burden of establishing he has standing to bring his 1692e or c claims. *Pucillo*, 2021 WL 1061191 at *4.

For these reasons, and the reasons expressed in previous briefs, MED-1 prays the Court deny Kinnick's motion for summary judgment and grant MED-1's motion for summary judgment.

KIGHTLINGER & GRAY, LLP

By _____
Jackson L. Schroeder (#35355-49)
Nicholas W. Levi (#24278-53)
One Indiana Square, Suite 300
211 North Pennsylvania Street
Indianapolis, Indiana 46204
Telephone: 317-638-4521
Email: nlevi@k-glaw.com
jschroeder@k-glaw.com